## SMITH v. WEEKS.

1. **Evidence:** VERDICT: SUPPORTED BY TESTIMONY. Where, for the purpose of contradicting a witness, his attention was called to a communication sent by him to a newspaper, it was held proper to allow him to explain the circumstances under which the communication was written. Verdict held to be supported by the evidence.

*Appeal from Clinton Circuit Court.*

FRIDAY, SEPTEMBER 24.

ACTION to recover damages for an assault and battery committed by defendant upon plaintiff. There was a verdict and judgment for the defendant; plaintiff appeals.

*Cotton & Wolfe*, for appellant.

*Merrell & Howat*, for appellee.

BECK, J.—I. The defendant was a school teacher, and the plaintiff a pupil attending his school. For a very grave offense against decency and good order, the defendant chastised the plaintiff. The chastisement, plaintiff claims, was without cause and excessive. The answer alleges that the plaintiff committed an aggravated offense, which good government of the school required should be punished, and that the punishment inflicted was moderate and reasonable.

II. The court directed the jury that the law requires the teacher to exercise judgment and discretion in inflicting punishment upon his pupil, and that if they found that plaintiff was but of twelve years of age, and the defendant whipped him with a raw-hide so severely that marks were left upon his person for two months or more, such punishment was immoderate and excessive, and the verdict should be for plaintiff. We are not required to pass upon the correctness of this instruction, and, therefore, do not. It may not be correct in holding that the court, and not the jury, should determine whether the punishment was excessive. But, being given to the jury, it was the law of the case, to be obeyed as such. Plaintiff's counsel insist that the jury disregarded the instruction in finding for defendant. They claim that the evidence shows the punishment was of the character for severity which, under this instruction, would require the jury to find it was immoderate and excessive. But upon this point there was a conflict in the testimony. Witnesses for plaintiff testified to the excessive severity of the punishment, as shown by marks left upon the plaintiff, while witnesses on the other side contradict their testimony. We cannot hold that the jury were not authorized to accept the testimony of defendant's witnesses rather than the statements of witnesses on the other side.

III. Counsel insist that the verdict, generally, lacks the support of the evidence. Upon the issues of the case there is a conflict of testimony. There is no ground upon which to base a conclusion that the verdict was not the result of the intelligent and honest exercise of discretion of the jury applied to the conflicting testimony. We cannot, therefore, disturb it.

IV. A witness, Harding, testified that plaintiff admitted that he had committed the offense for which he was punished. 1 EVIDENCE: verdict: supported by testimony. The plaintiff sought to impeach his testimony by showing that his reputation for truth and veracity was not good. The father of defendant gave tes-

timony regarding Harding's reputation for truth. Upon the cross-examination his attention was called to a communication printed in a newspaper assailing the moral character of Harding, and he admitted he was the author of it. He stated he did not intend, in the communication, to bring in question the reputation of Harding for truth; he intended to state that Harding was a "rough" and a prize-fighter. He further testified that the communication, using his own language, "was dictated under a good deal of excitement, after he (Harding) had whipped my boy pretty badly. Thereupon he was permitted to state, against plaintiff's objection, that such whipping was severe. The admission of this evidence, it is insisted by plaintiff's counsel, is erroneous. The ruling, we think, was correct, as the evidence explained the cause and extent of the excitement under which the witness wrote the communication, which was made the ground of contradicting his evidence in support of Harding's reputation. It was right to permit him to explain the reasons which induced him to write the communication, and to state his excitement when he wrote it, and its cause and extent. This was the object and effect of the testimony to which objection is made.

V. The plaintiff files a motion in this court to strike the amended abstract, and to tax the costs thereof against defendant, on the ground that the original abstract fully presents the facts contained in the record; that there is an agreement to submit the case thereon without a transcript, and that the amended abstract is the same as the original. As plaintiff does not deny the correctness of the amended abstract, and as it more clearly and fully presents certains facts of the case, we think the motion should be overruled.

No other questions are presented for our consideration. The judgment of the Circuit Court is

AFFIRMED.